UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-cv-11049-MEMF-SK | Date: December 10, 2025 |
| Title | Charles Ammons v. People of State of California | |

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Charles Ammons, a California state prisoner, has filed a federal habeas petition—ostensibly under 28 U.S.C. § 2254, though on a state habeas petition form—challenging his recent December 2024 conviction and sentence for a host of crimes, including attempted murder, assault on a peace officer with a semiautomatic firearm, and driving under the influence. (ECF 1). But Petitioner's conviction is not yet final, as he has an appeal pending in the California Court of Appeal. (ECF 1-2 at 5). *See People v. Ammons*, Case No. B343669 (Cal. Ct. App. filed Jan. 28, 2025). As a result, Petitioner has needlessly petitioned for federal habeas relief too soon.

*First*, Petitioner's conviction is not final. A conviction becomes final only when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). Federal habeas review under § 2254 is available only for final state convictions. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (emphasizing that "state courts should have the first opportunity" to review claims that "continued confinement for a state court conviction violates federal law"); *see, e.g.*, *Small v. Key*, 2020 WL 6568857, at *3 (E.D. Wash. Nov. 9, 2020). In the meantime, because Petitioner's direct appellate process is ongoing, the federal habeas limitations period has not yet begun to run. *See* 28 U.S.C. § 2244(d)(1); *see also United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001); *United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-cv-11049-MEMF-SK | Date: December 10, 2025 |
| Title | Charles Ammons v. People of State of California | |

*Second*, even if this court could exercise habeas jurisdiction before Petitioner's conviction is final, it must refrain from exercising it so as not to interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *accord Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019); *Edelbacher v. Calderon*, 160 F.3d 582, 583–86 (9th Cir. 1998); *Smith v. Asuncion*, 2019 WL 7938220, at *2–3 (C.D. Cal. Aug. 6, 2019). Absent extraordinary circumstances, *Younger* abstention is required when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page*, 932 F.3d at 901–02. All these factors require abstention here because a decision on his federal habeas petition would interfere with ongoing state criminal proceedings—namely, Petitioner's pending appeal in the California Court of Appeal. When *Younger* abstention applies in the habeas context, the petition must be dismissed without prejudice. *See Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988).

*Third*, federal courts generally cannot entertain habeas claims that have not been exhausted first in the state courts. *See* 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 517–19 (1982). A claim is exhausted only when it has been "fairly presented to the state courts" and "the highest state court has disposed of the claim on the merits." *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979) (cleaned up). Because Petitioner's appeal is still pending in California's intermediate appellate court, he naturally has not yet exhausted any of his putative habeas claims in the Supreme Court of California. And lack of exhaustion is an independent basis to dismiss a federal habeas petition. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam). Besides, if Petitioner prevails on some or all his claims in any of the California appellate courts, any of the same claims filed in federal habeas court would be rendered moot. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013).

For any or all these reasons, Petitioner is ORDERED TO SHOW CAUSE within 21 days why his petition under 28 U.S.C. § 2254 should not be immediately dismissed without prejudice to refiling no sooner than after his conviction becomes final and he has exhausted his federal habeas claims in the California state courts. *See* Rule 4 of Rules Governing Section 2254 Cases ("If it plainly appears from the petition ... that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:25-cv-11049-MEMF-SK | Date: December 10, 2025 |
| Title Charles Ammons v. People of State of California | |

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); L.R. 72-3.2 (summary dismissal of habeas petition authorized when "it plainly appears from the face of the petition" that "petitioner is not entitled to relief"). To that end, the court attaches here a blank copy of its approved federal habeas petition form that Petitioner can use later—if he even needs to seek federal habeas relief because he is completely or partially unsuccessful in the state courts on claims that might otherwise be eligible for such relief under § 2254.

Meanwhile, to discharge this show-cause order, Petitioner may voluntarily dismiss this petition without prejudice by signing and returning the attached Form CV-09y within 21 days. Failure to return that form on time as ordered or to otherwise timely respond in writing to this order may be deemed Petitioner's consent to voluntary dismissal of the petition for the reasons set forth in this order, or it can lead to the immediate closing of this case with no further notice for lack of prosecution and noncompliance with court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1; *see also* L.R. 41-6 (requiring pro se litigants to keep court timely apprised of any change in record address).

IT IS SO ORDERED.