UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-11049-MEMF-SK                                    Date: January 9, 2026

Title   Charles Ammons v. People of State of California

Present: The Honorable:  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:**      (IN CHAMBERS) **FINAL ORDER TO SHOW CAUSE**

   Petitioner Charles Ammons was convicted and sentenced in late 2024 for a variety of state crimes including attempted murder and assault on a police officer with a semiautomatic firearm. In January 2025, he appealed his convictions and sentence. That appeal is still pending in the California Court of Appeal. (*See People v. Ammons*, Case No. B343669). So as this court explained to petitioner just last month, his state convictions are not yet final—and they won't be until after all his possible appeals are decided (or the time for those appeals has elapsed). *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). It is therefore too soon for petitioner to seek federal habeas relief under 28 U.S.C. § 2254—as the court also explained to petitioner just last month. Besides, petitioner's claims must be exhausted fully in the California state courts anyway—including the Supreme Court of California—before they can be asserted in a federal habeas petition. (And they must also allege violations of *federal*, not just state, law to be cognizable on federal habeas review.) There are many reasons for this exhaustion requirement, but the most obvious is that petitioner may very well obtain the relief he wants from the California state courts (e.g., reversal of one or more of his convictions)—eliminating any need for relief from the federal habeas courts.

   As a result, petitioner was told last month that this court cannot provide any habeas relief to petitioner until after his convictions become final and he has exhausted any federal-law claims in the state courts first. Yet for reasons unexplained, petitioner just filed a first amended petition that is substantively identical to the original one over which this court lacks habeas jurisdiction. And of course, the claims remain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-cv-11049-MEMF-SK | Date: January 9, 2026 |
| Title | Charles Ammons v. People of State of California | |

unexhausted because he still has an undecided appeal pending in the California Court of Appeal. What's more, he has named the "People of the State of California" as the respondent to the petition, which is not the correct party to name in a federal habeas petition anyway. *See Ortiz–Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).

For all these reasons, petitioner is ORDERED TO SHOW CAUSE one last time why this premature habeas action should not be dismissed for lack of jurisdiction and failure to exhaust state court remedies.[1] To discharge this show-cause order, petitioner need only sign, date, and return the attached form CV-09y, voluntarily dismissing this action *without prejudice*, **by no later than January 23, 2026**. Failure to do so, or to otherwise respond in writing to this show-cause order by that deadline, may be deemed petitioner's consent to *involuntary* dismissal of this action—with or without prejudice—for lack of prosecution and noncompliance with court orders. *See* Fed. R. Civ. P. 41(b); Local Rule 41-1.

IT IS SO ORDERED.

---

[1] If petitioner does not obtain the relief he seeks in the California state courts on appeal with claims exhausted there, he has up to one year (and possibly longer if he also files state habeas petitions) to file a federal habeas petition naming the correct respondent and alleging exhausted federal claims that weren't decided in his favor.