UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-11049-MEMF-SK                          Date: February 6, 2026
Title            Charles Ammons v. People of State of California

Present:  The Honorable:  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:**        (IN CHAMBERS) **ORDER RE: PETITIONER'S NOTICE OF VOLUNTARY DISMISSAL**

Petitioner Charles Ammons is currently appealing his 2024 conviction and sentence for attempted murder and related violent crimes in the California Court of Appeal.  (*See People v. Ammons*, Case No. B343669).  Meanwhile, petitioner has prematurely filed a federal habeas petition under 28 U.S.C. § 2241.  As explained twice now, there are several problems with that premature petition.  (ECF 5, 10).  First, the claims petitioner raises here have not been fully exhausted in the California state courts.  *See* 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 517–19 (1982).  Second, federal courts must abstain from deciding habeas claims while those same claims are under state court review, so as not to interfere with ongoing state court proceedings.  *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *accord Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019); *Edelbacher v. Calderon*, 160 F.3d 582, 583–86 (9th Cir. 1998); *Smith v. Asuncion*, 2019 WL 7938220, at *2–3 (C.D. Cal. Aug. 6, 2019).  Third, this court lacks habeas jurisdiction over the "People of the State of California" because the state is not the proper respondent in a federal habeas petition.  *See Ortiz–Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).

For any or all these reasons, the petition must be dismissed without prejudice because, "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court."  Rule 4 of Rules Governing Section 2254 Cases.  At the same time, because petitioner's conviction is not yet final for purposes of calculating the federal habeas statute of limitations, there is no need for petitioner to file a protective

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-11049-MEMF-SK                          Date: February 6, 2026
Title       Charles Ammons v. People of State of California

habeas petition because the one-year limitations period has not even started to run.  *See* 28 U.S.C. § 2244(d)(1); *see also United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001); *United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000).

Seemingly recognizing these problems (at least in part), petitioner—to his credit—has voluntarily dismissed without prejudice two of the three habeas claims raised in his premature, unexhausted § 2241 petition.  (ECF 11, 12).  But petitioner says he wants to press on here with his first claim—a Fourth Amendment claim alleging that he was denied a prompt probable cause determination within 48 hours of his arrest (ECF 9 at 3)—though that claim too remains unexhausted.  Here again, petitioner misunderstands what is and is not cognizable in federal habeas proceedings.

In *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991), the Supreme Court held that the Fourth Amendment presumptively requires a probable cause determination within 48 hours of a warrantless arrest.  *Id.* at 56; *see also Gerstein v. Pugh*, 420 U.S. 103, 114 (1975).  But the remedy for a *McLaughlin* violation—when alleged after the fact by a convicted inmate—is not immediate release from incarceration under § 2241. If petitioner contends that evidence obtained as a result of a *McLaughlin* violation was used to help convict him, that is a claim that he could have—and should have—litigated in the state court through a motion to suppress.  *See Anderson v. Calderon*, 232 F.3d 1053, 1071–72 (9th Cir. 2000), *overruled in part on other grounds by*, *Bittaker v. Woodford*, 331 F.3d 715, 728 (9th Cir. 2003).  Otherwise, that claim is foreclosed from federal habeas review under *Stone v. Powell*, 428 U.S. 465, 482 (1976).  As a result, that type of *McLaughlin* claim "would not necessarily lead to his immediate or earlier release from confinement," which is the only remedy available in federal habeas proceedings.[1] *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc).

For these reasons, petitioner is ORDERED TO SHOW CAUSE why his premature, unexhausted petition should not be dismissed in toto—without prejudice, of course, to refiling it after his convictions are deemed final and he has exhausted all his

---

[1] On the other hand, if petitioner believes that he was somehow injured or harmed by the delayed probable cause determination—independent of any way it may have contributed to his conviction—his *McLaughlin* claim could be brought, if at all, through a civil suit for monetary damages under 42 U.S.C. § 1983.  *See, e.g.*, *Smith v. City and Cnty. of Honolulu*, 887 F.3d 944, 947–51(9th Cir. 2018); *Lozano v. Doe 1*, 591 F. Supp. 3d 700, 716–19 (C.D. Cal. 2022).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-11049-MEMF-SK                           Date: February 6, 2026

Title      Charles Ammons v. People of State of California

claims in the California state courts.  To satisfy this show-cause order, petitioner need only sign, date, and return the attached form CV-09y voluntarily dismissing this entire action without prejudice **by no later than February 20, 2026**.  Failure to do so may be deemed petitioner's consent to dismissal of this action for the reasons stated in this order, or it may lead to involuntary dismissal—with or without prejudice—for noncompliance with court orders.  *See* Fed. R. Civ. P. 41(b); Local Rule 41-1.

IT IS SO ORDERED.